Herbert M. Faske and Wife Gertrude Faske v. Commissioner.
Faske v. Commissioner
Docket No. 24915.
United States Tax Court
1950 Tax Ct. Memo LEXIS 163; 9 T.C.M. (CCH) 535; T.C.M. (RIA) 50156; June 28, 1950
*163 The Commissioner determined that petitioners understated their income for the years 1945 and 1946. Held, the Commissioner's determination of petitioners' income for those years sustained on petitioners' failure to explain certain unidentified bank deposits. Thomas C. Webb, C.P.A., for the petitioners. Joseph P. Crowe, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion Respondent determined that petitioners understated their income in 1945 and 1946, with resulting deficiencies as follows: Husband
Wife
Total
1945 Joint return (deficiency)
$2,674.18
$2,674.18
1946 Separate returns (deficiency)
612.16
$640.66
1,252.82*lTotal Deficiency
$3,927.00 Certain minor adjustments to their income in such years are not in dispute. Findings of Fact Petitioners, Herbert M. Faske and Gertrude Faske, were husband and wife during the years 1945 and 1946 and resided at Brenham, Texas. They filed a joint income tax return for 1945 and individual returns on the community property basis for 1946. These returns were filed with the collector of internal revenue for the first district of Texas. For convenience, Herbert *164 M. Faske will hereinafter be referred to as the petitioner. In 1944, petitioner was 28 years of age, owned his own home and a late model autobile, and was the father of three children. In September, 1944, he opened his own jewelry store in Brenham. Prior thereto he had worked for five years as a watchmaker for another jeweler and for a period of less than a year had owned and operated a small cafe in addition. From these two occupations he reported a net income of $5,193.63 in 1943. His first Federal income tax return was filed in either 1941 or 1942, as he had insufficient income prior to that time on which to base a return. Petitioner opened his first bank account with the Washington County State Bank in Brenham in 1943. He opened a second account with the Farmers National Bank in Brenham in 1945. He applied for and obtained bank loans in connection with his business in the years 1944 and 1945. In applying for a loan from the Washington County State Bank, he filed a commercial financial statement setting forth his total net worth as of December 19, 1944, as $16,550. In his protest filed with the Commissioner, petitioner stated that his net worth as of December 31, 1944, was $28,511.54. *165 On November 1, 1945, petitioner engaged H. J. Boehm, an accountant, to keep his books. Boehm set up a double entry system to replace the single entry system formerly kept for petitioner by one Alma Herbst. Thereafter, the books of the business, consisting of a ledger and a journal, were kept at the home of Boehm with the exception of a day book and certain accounts receivable information which were kept at the store. Once or twice a month Boehm would pick up the figures from the day book maintained by petitioner and would record such information as he found there in the business' journal and ledger. At the end of the first month for which he kept petitioner's books, Boehm asked petitioner for a bank statement in order to verify the cash account. When petitioner refused to let him see the bank statement, he prepared the statements of the business from the record supplied him by petitioner and attempted no verification of the amount of cash which came into the business. The cash sales of the business were not registered but were entered by hand since the cash register had no tape on it. The Commissioner determined that petitioner's correct net income for the years 1945 and 1946 was *166 as follows: 1945
1946
Total bank deposits by
petitioner
$60,215.06
$57,866.23
Cash paid out by petitioner
6,542.46
3,185.19
Total receipts of petitioner
$66,757.52
$61,051.42
LESS: Excise tax deposited
$ 4,832.98
$ 4,009.97
Loans deposited by pe-
titioner
8,000.00
1,500.00
Loans collected and de-
posited by petitioner
608.35
500.00
Returned checks
348.25
Proceeds of sale of lot
deposited by petitioner
3,500.00
Total Adjustments
$13,441.33
$ 9,858.22
Balance
$53,316.19
$51,193.20
Gross income reported
$44,953.76
$44,968.32
UNREPORTED INCOME
$ 8,362.43
$ 6,224.88
Net income reported on
returns
4,898.06
5,837.77
Add: Adjustments shown
in deficiency no-
tices not in dis-
pute
149.95
157.28
Unreported income
8,362.43
6,224.88
Corrected net income
$13,410.44
$12,219.93
Opinion ARUNDELL, Judge: Respondent has reconstructed petitioner's net income from his jewelry business for the years 1945 and 1946 by the use of certain unidentified bank deposits and by other adjustments set forth in our Findings of Fact. When a taxpayer's books do not correctly reflect his income, it is proper for the Commissioner to *167 resort to the best available procedure for determining the taxpayer's true income. . The employment of the bank deposit method for this purpose has been repeatedly upheld by this and other courts. , aff'd, per curiam, , and . The difference between the parties here arises from excess bank deposits of approximately $13,000 which petitioner has failed to explain. The explanation advanced by petitioner at the hearing was to the effect that the $13,000 represented cash which he had saved from prior years and which he had kept in a small fishing tackle box. He stated that during 1945 and 1946 he had taken sums periodically from this box and made the deposits which are here in question in his bank account. For this proposition we have only petitioner's bare asseveration. No bank statements or deposit slips were put in evidence to corroborate his testimony. He advanced no reasons for his failure to introduce the bank statements or for his failure to offer other proof of such alleged deposits. In his statements *168 of his financial net worth, filed with his bank on December 19, 1944, in applying for a loan, petitioner stated his net worth as of that date to be $16,550. In his protest filed with the Commissioner at a later date, petitioner stated his net worth as of December 31, 1944, to be $28,000. When questioned by counsel for respondent as to the discrepancy in these net worth statements within a period of less than a month, petitioner accounted for the difference with the statement that he had failed to include in his application for a bank loan the above $13,000 in currency which he kept secreted in his home. Petitioner's story of how, at the age of 28, he had accumulated this $13,000 in cash from odd jobs in his youth while at the same time managing to purchase his own home and a latemodel automobile is unconvincing. His testimony as to the manner and extent of such prior earnings was too vague and inconclusive to justify a finding that he had any accumulated savings of this nature. When he called his brother as a witness to corroborate his testimony that he had accumulated large sums of cash which he kept in his home, his brother's testimony was equally vague and unsatisfactory. In the *169 light of petitioner's wholly inadequate explanation of the excess bank deposits, we must sustain the respondent's determination of petitioner's income for the years 1945 and 1946. Respondent computed petitioner's net income to be $13,410.44 for 1945 and $12,219.93 for 1946. The respondent's determination of a deficiency as a result of these computations is accordingly approved. Decision will be entered under Rule 50.